UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
In re MF GLOBAL HOLDINGS, LTD.,                    :          12 Civ. 3757 (JMF)
                                                   :
                    Debtor.                        :
                                                   :          Case No. 11-15059 (MG)
--------------------------------------------------------------------X          (Jointly Administered)
SAPERE WEALTH MANAGEMENT LLC, et al.,              :
                                                   :
                    Appellants,                    :          OPINION AND ORDER
                                                   :
          -v-                                      :
                                                   :   ┌─────────────────────────────┐
STATUTORY CREDITORS' COMMITTEE OF MF               :   │ USDC SDNY                   │
GLOBAL HOLDINGS, LTD., et al.,                     :   │ DOCUMENT                    │
                                                   :   │ ELECTRONICALLY FILED        │
                    Appellees.                     :   │ DOC #:_____        │
--------------------------------------------------------------------X   │ DATE FILED: 10/5/12         │
                                                       └─────────────────────────────┘

JESSE M. FURMAN, United States District Judge:

       Appellants Sapere Wealth Management LLC; Granite Asset Management; and Sapere

CTA Fund, L.P. (together, "Sapere") appeal from a memorandum opinion of the United States

Bankruptcy Court for the Southern District of New York (Martin Glenn, B.J.), entered on

February 1, 2012, denying Sapere's motion to direct the estates of MF Global Holdings, Ltd.

("MFGH"), and its debtor-affiliates to be administered pursuant to Title 11, United States Code,

Sections 761 to 767, and Title 17, Code of Federal Regulations, Section 190.  (Case No. 11-

15059 (MG), Docket No. 400).  For the reasons discussed below, the Court holds that the

Bankruptcy Court's memorandum opinion is not a final order subject to appeal, but rather

interlocutory, and denies Sapere leave to appeal.

## BACKGROUND

       MF Global, Inc. ("MFGI") is the subsidiary, registered broker-dealer, and futures

commission merchant ("FCM") of MFGH.  On or about October 30, 2011, MFGI reported an

apparent material shortfall in the amount of customer funds it was required to keep segregated.[1]
As a result, the Securities Investor Protection Corporation ("SIPC") filed a complaint in this
district for the liquidation of MFGI.  The case was transferred to the bankruptcy docket on
October 31, 2011, and a trustee was appointed pursuant to Section 78eee(b)(3) of the Securities
Investor Protection Act ("SIPA").  *See In re MF Global, Inc.*, Case No. 11-02790 (MG) SIPA
(Docket No. 1).  On the same day, MFGH and its affiliates (together, the "Debtors") filed a
voluntary petition in the Bankruptcy Court for relief under Chapter 11 of the Bankruptcy Code.
*See In re MF Global Holdings LTD.*, Case No. 11-15059 (MG) (Docket No. 1).  A Chapter 11
Trustee was appointed on November 28, 2011.  (Case No. 11-15059 (MG), Docket No. 170).

On December 5, 2011, Sapere filed a motion to direct the Debtors' estates to be
administered pursuant to Title 11, United States Code, Sections 761 to 767, and Title 17, Code of
Federal Regulations, Section 190.  (Case No. 11-15059 (MG), Docket No. 217).  In effect,
Sapere's motion asked that "MFGI commodities customers that held segregated accounts [be
treated] as a customer class of the Debtors, entitling them to receive payment from the Chapter
11 Debtors' estates of 100% of their segregated-account funds on a first-priority basis, ahead of
all creditors of the Chapter 11 Debtors." (February 1, 2012 Memorandum Opinion (the
"February 1, 2012 Opinion") at 4 (Case No. 11-15059 (MG), Docket No. 400)).  As an
alternative form of relief, Sapere requested that it be allowed to conduct examinations of any
party-in-interest pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.  The
Chapter 11 trustee, the statutory creditors' committee (the "Committee"), and the Commodities
Futures Trading Commission ("CFTC") all filed objections to Sapere's motion.  (Case No. 11-

---

[1]      Under the Commodities Exchange Act, 7 U.S.C. § 1 *et seq.*, and the U.S. Commodity
Futures Trading Commission regulations promulgated thereunder, 17 C.F.R. § 1.1 *et seq.* (2010),
FCMs are required to segregate and separately account for all customer funds.

15059 (MG), Docket Nos. 341, 339, 342). The SIPA trustee also filed a statement that, among

other things, expressed concern that granting Sapere additional discovery might impair his own

investigation. (*See* SIPA Trustee's Statement at 3-4 (Case No. 11-15059 (MG), Docket No.

358)).

In the February 1, 2012 Opinion, the Bankruptcy Court explained that, under the

Bankruptcy Code, Sapere could not obtain the relief it was seeking unless it could show that (1)

the Chapter 11 Debtors' cases should be converted to Chapter 7 cases; and (2) the Chapter 11

Debtors were acting as "commodity brokers" as defined by the Bankruptcy Code. (February 1,

2012 Opinion at 5-6). Although Sapere had not moved to convert the cases to Chapter 7, the

Bankruptcy Court, *sua sponte*, considered and rejected the argument that such a conversion was

warranted. (*Id.* at 6-8). It also found that MFGH did not qualify as a "commodity broker"

within the meaning of the Bankruptcy Code. (*Id.* at 8-10). Finally, Judge Glenn rejected

Sapere's request for Rule 2004 discovery, citing the ongoing investigation by "[n]umerous

government agencies as well as the SIPA Trustee and the Chapter 11 Trustee . . . ." (*Id.* at 10).

Notably, at the end of his opinion, Judge Glenn emphasized that the rules governing

distributions to MFGI customers had not been determined by his ruling:

> It is important to emphasize that the denial of Sapere's Motion to administer these
> cases pursuant to sections 761-767 of the Bankruptcy Code does not determine
> the rules that apply to distributions from the Chapter 11 Debtors' estates to MFGI
> customers. Notably, the CFTC has argued that, pursuant to 17 C.F.R.
> § 190.08(a)(1)(ii)(G), "property that should have been segregated, but was not, or
> as to which segregation was not maintained, remains customer property subject to
> priority distribution." (ECF Doc. # 724 ¶ 2(c).) These issues may have to be
> resolved by the Court, but not in the guise of Sapere's Motion.

(*Id.* at 11). For these various reasons, the Bankruptcy Court denied Sapere's motion.

On March 30, 2012, Sapere requested certification for direct appeal of the February 1,

2012 Opinion to the United States Court of Appeals for the Second Circuit. (Case No. 11-15059

(MG), Docket No. 603).  By memorandum opinion dated April 25, 2012 (the "April 25, 2012

Opinion") the Bankruptcy Court denied the request.  (Case No. 11-15059 (MG), Docket No.

655).  The Court found first that Sapere's appeal did not involve any question of law for which

certification was appropriate.  (*Id.* at 2).  Second, and more significant for present purposes, the

Bankruptcy Court ruled that it was "doubtful that the circuit court would even have appellate

jurisdiction to review the February 1 Opinion at this stage of the proceedings . . . because the

order appealed from is not a final order."  (*Id.* at 3).  The Bankruptcy Court acknowledged that

"the conclusive determination as to the validity or priority of a claim is treated as a final order,"

but reasoned that "an order that leaves those issues for later determination is not final."  (*Id.* at 4

(citing *Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 657 & n.3 (2006); *In re

Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir. 1983) (Breyer, J.)).  The Bankruptcy Court

noted that its February 1, 2012 Opinion did just that insofar as it "expressly left open the rules

applicable to distributions from the chapter 11 debtors' estates."  (*Id.* at 5).

## DISCUSSION

On appeal, Sapere challenges the Bankruptcy Court's denial of its motion to administer

the estates pursuant to Title 11, United States Code, Sections 761 to 767, and Title 17, Code of

Federal Regulations, Section 190.  As a threshold matter, however, it argues that its appeal is

proper because the Bankruptcy Court's denial constitutes a final order.  This Court disagrees.

### A.  Applicable Law

This Court's jurisdiction to hear appeals from the Bankruptcy Court is established by

Title 28, United States Code, Section 158(a).  To the extent relevant here, it provides for

jurisdiction over appeals "from final judgments, orders, and decrees" and, "with leave of the

court, from interlocutory orders and decrees."  28 U.S.C. § 158(a); *accord MCI WorldCom*

4

*Commc'ns v. Commc'ns Network Int'l, Ltd.*, 358 B.R. 76, 78 (S.D.N.Y. 2006). Finality in this context "is more flexible than in other civil litigation." *Liquidators of Lehman Bros. Austl. v. Lehman Bros. Special Fin. Inc.* (*In re Lehman Bros. Holdings Inc.*), — F.3d —, Nos. 11-2967-cv (Lead), 11-2992-cv (CON), 2012 WL 4678213, at *2, (2d Cir. Oct. 4, 2012). In particular, "[b]ecause bankruptcy cases frequently entail protracted proceedings involving many parties, finality is viewed functionally, focusing on pragmatic considerations rather than on technicalities." *Id.* The general rule is that an order is final if it "finally dispose[s] of discrete disputes within the larger case." *Pfizer Inc. v. Law Offices of Peter G. Angelos* (*In re Quigley Co., Inc.*), 676 F.3d 45, 51 (2d Cir. 2012); *accord Shimer v. Fugazy* (*In re Fugazy Express*), 982 F.2d 769, 775-76 (2d Cir. 1992); *cf. Saco Local Dev. Corp.*, 711 F.2d at 445-46 (concluding that "final judgment, order, or decree . . . includes an order that conclusively determines a separable dispute over a creditor's claim or priority") (internal quotation marks omitted). Further, although certain subjects lend themselves to a finding of finality more than others, there is no "bright-line or talismanic test by which, for appellate purposes, to assess the finality of a bankruptcy court determination merely by the subject or rubric of the order." *Nova Info. Sys. v. Premiere Operations, Ltd.* (*In re Premier Operations, Ltd.*), 290 B.R. 33, 41-42 (S.D.N.Y. 2003) (rejecting a categorical rule that "decisions as to the priority status of bankruptcy claims are final").

In the absence of a final order, a party appealing must file a motion for leave to appeal pursuant to Rules 8001 and 8003 of the Federal Rules of Bankruptcy Procedure. If a motion for leave to appeal is required, but not filed, the district court may direct that a motion for leave to appeal be filed or treat the notice of appeal as a motion for leave to appeal and either grant or deny such leave. *See* FED. R. BANKR. P. 8003(c). A district court "has discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court." *Gibson v. Kassover* (*In re*

*Kassover*), 343 F.3d 91, 94 (2d Cir. 2003). Neither the Bankruptcy Code nor the Rules of

Procedure provide standards for guiding that discretion. *See, e.g.*, *Law Debenture Trust*

*Company of N.Y. v. Calpine Corp. (In re Calpine Corp.)*, 356 B.R. 585, 592-93 (S.D.N.Y. 2007).

In the absence of such standards, "the majority of courts have applied the analogous standard for

certifying an interlocutory appeal set forth in 28 U.S.C. § 1292(b)." *Id.* (quoting *MCI Worldcom*

*Commc'ns v. Commc'ns Network Int'l Ltd. (In re Worldcom, Inc.)*, Nos. 02 Civ. 13533 (AJG),

04 Civ. 04338 (RJH)(AJG), 2006 WL 3592954, at *2 (S.D.N.Y. Dec. 7, 2006); *accord United*

*States v. Bond*, 09-CV-1824 (SLT), 2009 WL 3254472, at *3 (E.D.N.Y. Oct. 9, 2009) (collecting

cases in which district courts in this circuit have applied the standards in Section 1292(b) in

exercising their discretion under Section 158(a)). Under Section 1292(b), leave to appeal should

only be granted if the relevant order (1) "involves a controlling question of law"; (2) "as to

which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from

the order may materially advance the ultimate termination of the litigation." 28 U.S.C.

§ 1292(b).

**B. Discussion**

    In light of the foregoing, the threshold question is whether the Bankruptcy Court's

February 1, 2012 Opinion is a "final" judgment, order, or decree. Sapere argues that it is

because the opinion disposed of the discrete matter of "whether the Debtor's estate should be

administered pursuant to 11 U.S.C. §§ 761-767 and 17 CFR § 190." (Reply Br. at 3). Those

provisions provide that where there is a shortfall in customer property to satisfy the claims of

public commodities customers, the claims of those customers must be satisfied using other estate

property before the rest of the creditors are paid. *See* 17 CFR § 190.08(a)(1)(ii)(J). The

Bankruptcy Court's opinion, Sapere argues, "conclusively and finally foreclosed *any* avenue

through which Sapere and other commodity customers would be treated as priority claimants to [MFGH's] general estate over [MFGH's] general creditors" and, "[i]n doing so, . . . completely disposed of the distinct-but-related issue of statutory bases for customer priority." (Reply Br. at 4) (emphasis in original). As such, Sapere reasons, the Bankruptcy Court's opinion is final.

This argument is without merit. As the Bankruptcy Court explained when it denied Sapere's request to certify its appeal directly to the Second Circuit (April 25, 2012 Opinion at 4), an order that leaves the validity or the priority of a bankruptcy claim open for later determination is not a final order within the meaning of Section 158(a). *See, e.g.*, *In re Hooker Invest., Inc.*, 122 B.R. 659, 661 (S.D.N.Y. 1991) (holding that an order was not final where it was only a preliminary step in the bankruptcy proceeding that did not affect the disposition of the debtor's assets); *Royal Bank and Trust Co. v. Pereira* (*In re Lady Madonna Indus., Inc.*), 76 B.R. 281, 285 (S.D.N.Y. 1987) (holding that an order was not final that did not clearly determine the rights of the parties or end the litigation). Here, although the Bankruptcy Court denied Sapere's motion to administer the Chapter 11 cases under Sections 761 to 767 of the Bankruptcy Code, it made clear that its ruling "did not determine the rules applicable to creditor distributions." (*Id.* at 5). Indeed, the Bankruptcy Court explicitly "emphasize[d]" that its denial of Sapere's motion did "not determine the rules that apply to distributions from the Chapter 11 Debtors' estates to MFGI customers." (February 1, 2012 Opinion at 11). The Bankruptcy Court's February 1, 2012 Opinion, in other words, left open whether the relief Sapere sought — namely, priority treatment — would ultimately be granted.[2] It follows that the Opinion was not a final order. *See, e.g.*,

---

[2]     The Bankruptcy Court made clear that its other ruling — denying Sapere's alternative request for discovery pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure — was also not final. (Mem. Denying Certification at 5 ("There may well be a time when private-party discovery is appropriate, but now is clearly not that time.")). In any event, Sapere does not directly challenge the Bankruptcy Court's Rule 2004 ruling on appeal.

*Lomas Fin. Corp. v. N. Trust Co.* (*In re Lomas Fin. Corp.*), 932 F.2d 147, 151 (2d Cir. 1991) (explaining that an order could not be considered final if the bankruptcy court contemplated an additional hearing on the requested relief); *cf. Saco Local Dev. Corp.*, 711 F.2d at 444 (explaining that orders settling creditors' claims are separately appealable where "they finally dispose of *discrete disputes within the larger case*").[3]

Sapere did not file a motion for leave to appeal. Treating its notice of appeal as such a motion, however, the Court declines to grant leave to appeal. The Bankruptcy Court's February 1, 2012 Opinion may involve "a controlling question of law" — thereby satisfying the first prong of the Section 1292(b) test — but Sapere has failed to show that "an immediate appeal from the order may materially advance the ultimate termination of the litigation" or that "there is substantial ground for difference of opinion" on the issue resolved by the Bankruptcy Court. 28 U.S.C. § 1292(b). With respect to the latter point (the second prong of the Section 1292(b) test), "[w]hether there is substantial ground for a difference of opinion as to [a] question of law, requires a genuine doubt as to whether the bankruptcy court applied the correct legal standard." *WorldCom, Inc.*, 358 B.R. at 79 (citing *In re WorldCom*, No. M-47 (HB), 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003)). The district judge must "analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." *Id.* (citing *Flor v. Bot Fin. Corp.* (*In re Flor*), 79 F.3d 281, 284 (2d Cir. 1996) (internal quotation marks omitted)).

Sapere has failed to raise a "genuine doubt as to whether the bankruptcy court applied the correct legal standard." *Id.* Sapere's principal argument on appeal is that the Bankruptcy Court

---

[3]     Sapere denies that it is a "creditor" such that it might possibly qualify for priority treatment in the Bankruptcy Court's later determination. Whatever the merits of that claim, the Bankruptcy Court has left that issue open as well. (*See* February 1, 2012 Opinion at 11).

erred in declining to administer the case under Title 11, United States Code, Sections 761 to 767, and Title 17, Code of Federal Regulations, Section 190 because MFGH explicitly stated in an exhibit to its Chapter 11 Petition that it was "one of the world's leading brokers in markets for commodities and listed derivatives." (Chapter 11 Petition, Ex. A). According to Sapere, this "judicial admission," along with MFGH's actions, lays the legal groundwork for treating MFGH as a commodity broker and *de facto* FCM under the Bankruptcy Code. (*See, e.g.*, Opening Br. at 16-19). The Bankruptcy Court, however, rejected Sapere's premise and the arguments that flow from it for two principal reasons. First, Section 766 is only applicable to cases administered under Chapter 7 of the Bankruptcy Code and Sapere did not move for conversion. (February 1, 2012 Opinion at 5-6). The Bankruptcy Court found that even if Sapere had made such a motion, conversion to Chapter 7 was not warranted. (*Id.* at 6-8). Second, the Bankruptcy Court found that the Bankruptcy Code clearly defines the term "commodity broker" and that MFGH does not satisfy the definition. (*Id.* at 8-9).

This Court need not decide whether these rulings were definitively correct. For present purposes, it suffices to find that the Bankruptcy Court carefully laid out the correct legal standard and this Court does so find. Even if Sapere could somehow overcome the fact that the relief it seeks is available only for cases administered under Chapter 7, there is no substantial ground for dispute that MFGH is not a commodity broker as defined by the Bankruptcy Code. Indeed, in its initial brief, Sapere concedes that MFGH "did not solicit and take orders, receive funds for margin and have customers." (Opening Br. at 20). Regardless of how MFGH has characterized itself, this concession would appear to preclude a finding that it is a commodity broker under the Bankruptcy Code. *See* 7 U.S.C. § 1(a)(28) (defining an FCM as, among other things and in pertinent part, an entity that is "engaged in soliciting or in accepting orders for the purchase or

9

sale of a commodity for future delivery" or is registered as an FCM); 11 U.S.C. § 101(6)

(defining "commodity broker" as an FCM "with respect to which there is a customer"); *id.*

§ 761(8) (defining FCM as having the same definition it has in 7 U.S.C. § 1(a)); *id.* § 761(9)

(defining "customer").  Accordingly, the Court denies Sapere leave to appeal from the

Bankruptcy Court's February 1, 2012 Opinion.

**CONCLUSION**

For the foregoing reasons, the Court declines to grant Sapere leave to appeal from the

Bankruptcy Court's February 1, 2012 Opinion.  Accordingly, the Court lacks jurisdiction to hear

Sapere's appeal and it is dismissed.

The Clerk of Court is directed to close this case.


SO ORDERED.


Dated: October 5, 2012
       New York, New York

JESSE M. FURMAN
United States District Judge

10